FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 14 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR ROSERO, Sr.,

                Plaintiff,

     -against-

SUPREME SYSTEMS INC. and GEORGE
MODEST,

                Defendants.
------------------------------------------------------------X
OSCAR ROSERO, Sr.,

                Plaintiff,

     -against-

SUPREME SYSTEMS INC.,

                Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-4062 (CBA) (LB)

11-cv-4063 (CBA) (LB)

**AMON, Chief United States District Judge.**

Before the Court are the Reports and Recommendations (R&Rs) of Magistrate Judge Lois Bloom concerning the motions to dismiss filed by defendants in the above-captioned cases. The Magistrate Judge recommended that all claims against George Modest be dismissed with prejudice, that plaintiff's claim under the American's With Disabilities Act (ADA) be dismissed with prejudice, and that plaintiff's claim under Title VII of the Civil Rights Act of 1964 be dismissed without prejudice.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court must make a *de novo* determination of those aspects of the Report and

1

Recommendation to which a party has filed objections. *Id.* To adopt portions of the Report and Recommendation to which no party has objected, a district court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Notes of Advisory Committee; *Harris v. Queens County Dist. Atty's Office*, No. 08-cv-1703 (CBA), 2012 WL 832837, at *1 (E.D.N.Y. Mar. 12, 2012). Moreover, where the party "makes only conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the Report and Recommendation only for clear error." *Id.* (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). A ruling is clearly erroneous when "upon review of the entire record, [the reviewing court is] left with the definite and firm conviction that a mistake has been committed." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Although plaintiff, who is *pro se*, did file objections to the R&R, they are inapposite to the Magistrate's conclusions. Plaintiff's only substantive objection is that there is sufficient evidence to support his claims. His claims, however, were not dismissed for lack of evidence. Rather, his claims against George Modest were dismissed because there is no individual liability under the relevant provisions of the ADA or Title VII, *see* R&R at 5; his ADA claim was dismissed for failure to exhaust administrative remedies, *see* R&R at 6-8; and his Title VII claims were dismissed because he failed to include any factual allegations in his complaint relating to retaliation or discrimination, let alone allegations that would sufficiently state a claim, *see* R&R at 8-10. The Court's review of these conclusions is therefore only for clear error. Finding none, the Court adopts the Magistrate Judge's well-reasoned R&R in its entirety.

2

The claims against Modest are dismissed with prejudice; the ADA claim is dismissed with prejudice; and the Title VII claims are dismissed without prejudice. Rosero is granted thirty (30) days leave to amend his complaint in a manner consistent with the R&R.

SO ORDERED.

Dated: August 14, 2012
       Brooklyn, N.Y.

Carol Bagley Amon
Chief United States District Judge